UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONYIA BENNETT,

      **Plaintiff,**

                                      **CASE NO.:**

**v.**

**PODS ENTERPRISES, LLC,**

      **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TONYIA BENNETT, by and through undersigned counsel, brings this action against Defendants, PODS ENTERPRISES, LLC, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 *et seq.*, and 42 U.S.C. § 12101 *et seq.*  This Court also has pendent jurisdiction over the state law claims.

3.     Venue is proper in this District, because all of the events giving rise to these claims occurred in Pinellas County which is in this District.

## PARTIES

4.     Plaintiff is a resident of Hillsborough County, Florida, and she worked for Defendant in Pinellas County.

5.     Defendant operates a company based in Pinellas County, Florida, where Plaintiff worked for Defendant.

## GENERAL ALLEGATIONS

6.     This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant violated Plaintiff's rights under the FMLA, the Americans with Disabilities Act and the Florida Civil Rights Act of 1992.

7.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA, ADA, and FCRA.

8.     At all times material hereto, Defendant was an "employer" within the meaning of the FMLA, employing fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each of twenty (20) or more calendar work weeks in the current or preceding year.

9.     At all times material hereto, Defendant employed fifteen (15) of more employees. Thus, Defendant is an "employers" within the meaning of the ADA and the FCRA.

10.     Plaintiff has satisfied all conditions precedent, or they have been waived.

2

11.    Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

12.    Plaintiff requests a jury trial for all issues so triable.

## FACTS

13.    Plaintiff began working for Defendant in or around July 2006.

14.    Throughout the course of her employment, Plaintiff performed the job for which she was hired in a satisfactory manner.

15.    Plaintiff suffers from a disability that qualifies as a disability/handicap under the ADA and FCRA and/or was perceived as being disabled/handicap, and as such, is a member of a protected class under the ADA and FCRA.

16.    Specifically, Plaintiff was suffering from syncope.

17.    Plaintiff's syncope was a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

18.    Plaintiff began medical leave on or around March 13, 2023, which she was on until January 2024.

19.    This medical leave was protected by the FMLA.

20.    Additionally, this medical leave was also a reasonable accommodation under the ADA and FCRA.

21.    Plaintiff was initially set to return to work on January 18, 2024.

22.    However, prior to her return, Plaintiff contacted Defendant to inform Defendant that she would be requesting reasonable accommodations upon her return to work.

23.    As part of these reasonable accommodations, Plaintiff requested a very brief extension of her medical leave of absence, until her physician received the results of a certain medical evaluation that Plaintiff had taken, so that he/she could determine the specific accommodations that Plaintiff would need, upon her return to work.

24.    At first, Defendant failed to respond to Plaintiff's request for this reasonable accommodation.

25.    Finally, Defendant informed Plaintiff that someone would follow up with Plaintiff regarding this request.

26.    However, this did not occur.

27.    Defendant failed to respond to Plaintiff's request for this reasonable accommodation.

28.    Instead, shortly after Plaintiff made this request for reasonable accommodations, Defendant terminated Plaintiff's employment, on or around January 21, 2024.

29.    In terminating Plaintiff's employment, Defendant denied Plaintiff reasonable accommodations and failed to otherwise engage in an interactive process regarding reasonable accommodations.

30.    Defendant terminated Plaintiff's employment due to her disability and in retaliation for Plaintiff having engaged in protected activity under the ADA, FCRA, and FMLA.

## COUNT I – FMLA RETALIATION

31.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 8, 10 through 14, 16 through 19, 21 through 22, 28, and 30 of this Complaint as fully set forth herein.

32.    Plaintiff required time off from work to care for her serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

33.    Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

34.    Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

35.    Defendant's actions were willful and done with malice.

36.    Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)    That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

b)    An injunction restraining continued violation of the FMLA by Defendant;

c)   Compensation for lost wages, benefits, and other remuneration;

d)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

e)   Front pay;

f)   Liquidated Damages;

g)   Prejudgment interest on all monetary recovery obtained;

h)   All costs and attorney's fees incurred in prosecuting these claims; and

i)   For such further relief as this Court deems just and equitable.

**COUNT II – ADA VIOLATION**
**(DISABILITY DISCRIMINATION)**

37.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 16, 18, 20 through 28, and 30 of this Complaint, as though fully set forth herein.

38.   Plaintiff is a member of a protected class under the ADA.

39.   Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

40.    Specifically, Defendant terminated Plaintiff based on her disability.

41.    Defendant's actions were willful and done with malice.

42.    Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter an injunction restraining continued violation of the ADA;

d)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g)    Any other compensatory damages, including emotional distress, allowable at law;

h)    Punitive damages;

i)    Prejudgment interest on all monetary recovery obtained.

j)     All costs and attorney's fees incurred in prosecuting these claims; and

k)     For such further relief as this Court deems just and equitable.

## COUNT III—ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

43.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 16, 18, and 20 through 30 of this Complaint, as though fully set forth herein.

44.     Plaintiff is disabled, or was perceived by Defendants as being disabled.

45.     Defendants failed to provide Plaintiff with a reasonable accommodation for her disability, which would have allowed her to return to work and perform the essential functions of her job, and shortly thereafter terminated her employment.

46.     Defendants' actions were willful and done with malice.

47.     Plaintiff was injured due to Defendants' violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issues and that this Court take jurisdiction over the case;

c)     An injunction restraining continued violation of   law enumerated herein;

8

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT IV – ADA RETALIATION

48.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 16, 18, 20 through 28, and 30 of this Complaint, as though fully set forth herein.

49.     As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

50.     Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations.

51.     Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

52.    Defendant's actions were willful and done with malice.

53.    The adverse employment action that Defendant took against Plaintiff was material.

54.    Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d)    That this Court enter an injunction restraining continued violation of the ADA;

e)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)    Any other compensatory damages, including emotional distress, allowable at law;

i)    Punitive damages;

j)    Prejudgment interest on all monetary recovery obtained.

k)    All costs and attorney's fees incurred in prosecuting these claims; and

l)    For such further relief as this Court deems just and equitable.

## COUNT V – FCRA VIOLATION
## (DISABILITY DISCRIMINATION)

55.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 16, 18, 20 through 28, and 30 of this Complaint, as though fully set forth herein.

56.    Plaintiff is a member of a protected class under the FCRA.

57.    Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

58.    Specifically, Defendant terminated Plaintiff based on her disability.

59.    Defendant's actions were willful and done with malice.

60.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d)   Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e)   Any other compensatory damages, including emotional distress, allowable at law;

f)   Punitive damages;

g)   Prejudgment interest on all monetary recovery obtained.

h)   All costs and attorney's fees incurred in prosecuting these claims; and

i)   For such further relief as this Court deems just and equitable.

## COUNT VI—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

61.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 16, 18, and 20 through 30 of this Complaint, as though fully set forth herein.

62.   Plaintiff has a handicap or was perceived by Defendants as having a handicap.

63.   Defendants failed to provide Plaintiff with a reasonable accommodation for her disability, which would have allowed her to return to work

and perform the essential functions of her job, and shortly thereafter terminated her employment.

64.   Defendants' actions were willful and done with malice.

65.   Plaintiff was injured due to Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d)   Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e)   Any other compensatory damages, including emotional distress, allowable at law;

f)   Punitive damages;

g)   Prejudgment interest on all monetary recovery obtained.

h)   All costs and attorney's fees incurred in prosecuting these claims; and

i)   For such further relief as this Court deems just and equitable.

## COUNT VII – FCRA RETALIATION

66.    Plaintiff realleges and readopts the allegations paragraphs 1 through 7, 9 through 16, 18, 20 through 28, and 30 of this Complaint, as though fully set forth herein.

67.    Plaintiff is a member of a protected class under the FCRA, as a qualified individual with a disability/perceived disability.

68.    Plaintiff engaged in protected activity under the FCRA by requesting reasonable accommodations.

69.    Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA, by terminating Plaintiff's employment.

70.    Defendant's actions were willful and done with malice.

71.    Defendant took material adverse action against Plaintiff.

72.    Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e)   Any other compensatory damages, including emotional distress, allowable at law;

f)   Punitive damages;

g)   Prejudgment interest on all monetary recovery obtained.

h)   All costs and attorney's fees incurred in prosecuting these claims; and

i)   For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 16th day of October, 2025.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**